■ In the Matter of JOHN MONGEON, Appellant, v MICHAEL J. HOBLOCK, JR., et al., Respondents. [756 NYS2d 42] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 7, 2002, which denied petitioner horse trainer's application to annul respondent Racing and Wagering Board's determination setting petitioner's horse's finishing position in a certain harness race back from second place to fourth place, and dismissed the petition, unanimously affirmed, without costs.

Respondent's determination was based on the horse's driver's failure to pull the horse back to proper gait after the horse stopped trotting and galloped the last 300 feet of the race, in violation of 9 NYCRR 4117.10 (a). Petitioner admits that its horse violated 9 NYCRR 4117.10 (a), but argues that under 9 NYCRR 4117.12 (a), the penalty of setting back the horse's finishing position could not be imposed without a finding that the violation affected a competing horse or gave petitioner's horse an advantage. However, by its terms, 9 NYCRR 4117.12 (a) requires no such findings. Rather, it provides that a horse may be set back for a violation of any rule, and, in setting a horse back, "the judges shall consider both the effect caused on competing horses and any advantage gained by the offending horse" as a result of the violation. Clearly, the advantage gained by galloping instead of trotting necessarily requires consideration of the distance galloped instead of trotted, and, just as clearly, where a galloping horse would have finished had it been taken to the outside, pulled back and made to lose ground, in compliance with 9 NYCRR 4117.10 (a), involves much expertise and judgment. Inasmuch as petitioner's horse beat the next two horses by only two fifths of a second after galloping the last 300 feet, the judges' consideration of the advantage the horse gained as a result of not being brought back to proper gait is implicit in their ruling. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.